IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| SATURN OF ST. PETERSBURG, INC. and LOKEY AUTOMOTIVE GROUP, INC. ) ) ) | COMPLAINT JURY TRIAL DEMANDED INJUNCTIVE RELIEF SOUGHT |
| Defendants. ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Lafayette McClendon, Nakita Knight and Damon Pitts who were adversely affected by such practices. As stated with greater particularity in paragraph 9 below, the Commission alleges that Defendants Saturn of St. Petersburg, Inc. and Lokey Automotive Group, Inc. retaliated against Mr. McClendon, Mr. Knight and Mr. Pitts for filing charges of race discrimination against Defendants when Defendants interfered with their employment relationships with their current employer by directing the employer to discharge them for filing those charges.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Saturn of St. Petersburg, Inc. ("Saturn") has continuously been doing business in the State of Florida and the City of Pinellas Park, and has continuously had at least 15 employees.

5. At all relevant times Saturn has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6. At all relevant times Lokey Automotive Group, Inc. ("Lokey Automotive") has continuously been doing business in the State of Florida and the City of Pinellas Park, and has continuously had at least 15 employees.

7. At all relevant times Lokey Automotive has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Mr. McClendon, Mr.

Knight and Mr. Pitts filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least January of 2005, Defendants Saturn and Lokey Automotive (collectively "Defendants") engaged in unlawful employment practices at their Pinellas Park, Florida location in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

   a. Lokey Automotive operates several car dealerships throughout the State of Florida, including Saturn of St. Pete in Pinellas Park, Florida.

   b. During the relevant time frame, D&D Detail King, Inc. ("D&D Detail") had a contract with Defendants to provide car detailing services at Saturn.

   c. On or about October 4, 2004, while working as a car detailer for D&D Detail on Defendants' premises, Mr. McClendon applied for a lot attendant position with Saturn.

   d. Mr. McClendon was not hired by Defendants.

   e. On January 11, 2005, Mr. McClendon filed a charge with EEOC alleging that Defendants discriminated against him on the basis of his race, Black, when they failed to hire him for a lot attendant position.

   f. On or about October 27, 2004, while working as car detailer for D&D Detail on Defendants' premises, Mr. Knight applied for a job as a lot attendant with Saturn.

   g. Mr. Knight was not hired by Defendants.

   h. On January 11, 2005, Mr. Knight filed a charge with EEOC alleging that Defendants discriminated against him on the basis of his race, Black, when they failed to hire him for a lot attendant position.

   i. On or about December 29, 2004, while working as General Manager for D&D

Detail on Defendants' premises Mr. Pitts applied for a job as a car salesman with Saturn.

j. Mr. Pitts was not hired by Defendants.

k. On January 11, 2005, Mr. Pitts filed a charge with EEOC alleging that Defendants discriminated against him on the basis of his race, Black, for failing to hire him as a car salesman.

l. On or about January 26, 2005, approximately fifteen (15) days after the charges of discrimination were filed with the Commission against Defendants, Defendants directed D&D Detail to discharge Mr. McClendon, Mr. Knight and Mr. Pitts.

m. Scott Harlib, General Manager of Saturn, instructed one of the owners of D&D Detail to get those three employees off his property immediately because they are "suing" the company.

n. The co-owner directed one of his managers to tell Mr. McClendon, Mr. Knight and Mr. Pitts that they must leave the premises.

o. Mr. McClendon, Mr. Knight and Mr. Pitts left Defendants' premises.

p. Mr. Pitts consulted with the D&D Detail owner to determine whether they were really discharged.

q. D&D Detail owner confirmed he had no other option than to discharge them from that job due to Mr. Harlib's direction.

r. D&D Detail owner offered Mr. Pitts a job in Ocala and Mr. Knight and Mr. McClendon jobs in Orlando at another D&D Detail client location. Neither Mr. McClendon, Mr. Knight or Mr. Pitts were in a position to accept jobs in other cities as they resided locally.

s. Thus, Defendants interfered with Mr. McClendon, Mr. Knight and Mr. Pitts's

employment relationship with their current employer and caused their discharge.

10. The effect of the conduct complained of in paragraph 9 above has been to deprive Mr. McClendon, Mr. Knight and Mr. Pitts of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for participating in protected activity.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Mr. McClendon, Mr. Knight and Mr. Pitts.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation including third party interference with employment relationships, and any other employment practice which discriminates on the basis of race.

B. Order Defendants to institute and carry out policies, practices, and programs which eradicate the effects of their past unlawful employment practices.

C. Order Defendants to make whole Mr. McClendon, Mr. Knight and Mr. Pitts by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to front pay.

D. Order Defendants to make whole Mr. McClendon, Mr. Knight and Mr. Pitts by

providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including out of pocket losses in amounts to be determined at trial.

    E.    Order Defendants to make whole Mr. McClendon, Mr. Knight and Mr. Pitts by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

    F.    Order Defendants to pay Mr. McClendon, Mr. Knight and Mr. Pitts punitive damages for their malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

s/Carla J. Von Greiff
CARLA J. VON GREIFF
Senior Trial Attorney
Florida Bar No. 0110566
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 East Polk Street
Suite 1000
Tampa, Florida 33602
Tel. (813) 228-2020
Fax (813) 228-2045
Carla.vongreiff@eeoc.gov